UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SOVEREIGN BANK, a federal savings bank, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 10-cv-6360 |
| v. | ) ) | Honorable Edmond E. Chang |
| KHAMIS IMSAIH, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**RECEIVER'S MOTION TO BAR DEFENDANT FROM PROPERTY AND TO CHANGE THE LOCKS TO THE COMMON AREAS AND ENTRYWAYS**

Moglia Advisors, not individually but solely as the Court appointed receiver (the "Receiver") for the real property commonly known as 7836 S. South Shore Drive, Chicago, IL 60649 (the "Real Property"), moves this Court for an order: (i) barring Khamis Imsaih ("Imsaih") from entering upon the Real Property or otherwise taking any action relative to the Real Property and (ii) allowing it to change the locks to the entryways and common areas of the Real Property and states:

1. On or about July 3, 2007, Imsaih executed a note and mortgage in favor of Sovereign Bank.  Included with the mortgage was an assignment of rents and a security agreement.

2. On October 5, 2010, Sovereign Bank filed its complaint against Imsaih to foreclose upon the Real Property.  The Real Property is a non-owner occupied parcel of multi-family residential real property.

3. On or about October 21, 2010, Sovereign Bank moved for the appointment of the Receiver.

4. On October 28, 2010, this Court entered an order granting the request to appoint the Receiver.

5. On November 2, 2010, Sovereign Bank filed its motion to confirm the appointment of the Receiver. The motion to confirm the appointment of the Receiver was set for hearing on November 9, 2010.

6. On November 9, 2010, the motion to confirm the Receiver was entered and continued and an oral motion to vacate the appointment of the Receiver was granted. The matters were continued to December 1, 2010.

7. On December 1, 2010, the motion to confirm the appointment of the Receiver was granted.

8. On January 4, 2011, this Court entered an order compelling Imsaih to turn over the rent he collected since the appointment of the Receiver and to turn over the books and records relating to the Real Property.

9. Now that the Receiver is in possession of the Real Property, Imsaih does not need access to the Real Property. Imsaih has no business location on and is not otherwise employed at the Real Property. Similarly, he does not reside on the Real Property.

10. Through his inaction, Imsaih has effectively refused to cooperate with the Receiver. An order barring Imsaih from the Real Property will likely make the administration of the Real Property easier and less costly. If Imsaih is barred from the Real Property, he will not be able to interfere with the operation of the Real Property.

11. The Receiver also requests that it be allowed to re-key the locks to the common areas and entryways of the Real Property. Currently, the Receiver does not know how many people have keys to or otherwise have access to the Real Property. Allowing the Receiver to re-

key the Real Property will help ensure the safety of the residents by restricting access to the Real Property to the tenants and other people with a need to be on the Real Property. Additionally, re-keying the locks will help to ensure that Imsaih does not re-enter the Real Property.

12. The Receiver is not seeking to lockout or otherwise impose a hardship on the tenants in the Real Property. Rather, the Receiver is developing a plan that would allow tenants access to the Real Property and provide them with any new keys or lock combinations required to access the entryways and common areas of the Real Property. As part of that process, the Receiver is having at least one new key made for each apartment at the Real Property and will distribute those keys to the residents in a manner to be determined but which will not interfere with the tenants' use of the Real Property or otherwise prevent them from accessing their apartments.

WHEREFORE, the Receiver respectfully requests entry of an Order:

A. Barring Imsaih from the Real Property;

B. Granting the Receiver the authority to change the locks and/or re-key the common areas and entryways to the Real Property; and

C. Granting such other relief as is equitable and just.

    Respectfully submitted,

    MOGLIA ADVISORS


    By: /s/ Jeffrey L. Gansberg
        One of Its Attorneys

Kurt M. Carlson
Jeffrey L. Gansberg
Martin J. Wasserman
Much Shelist Freed Denenberg Ament & Rubenstein, P.C.
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 521-2000